**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

| | |
|---|---|
| GRANITE STATE INS. CO. | CIVIL ACTION NO. 08-1958 |
| | c/w 09-0065 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLARENCE TYLER | MAGISTRATE JUDGE HORNSBY |

---

## ORDER

Before this Court is a Motion for Declaratory and Summary Judgment [Record Document 10], filed on behalf of Plaintiff, Granite State Insurance Company ("Granite"), and a Cross Motion for Partial Summary Judgment in Opposition [Record Document 12], filed on behalf of Defendant, Clarence Tyler. Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

On or about December 18, 2006, Clarence Tyler was driving a van owned by the Arc of Desoto when he ran off the road and had an accident. Tyler filed a claim for personal injury damages against Granite, which issued the uninsured-motorist insurance policy for Arc of Desoto, claiming that a "phantom" white truck ran over the

line and caused the accident. Louisiana Revised Statute 22:1295 requires that "where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle," the plaintiff must produce "an independent and disinterested witness" to show "that the injury was the result of the actions of the driver of another vehicle whose identity is unknown...." La.R.S. 22:1295(1)(d)(i). Granite's motion [Rec. Doc. 10] seeks summary judgment on the basis that there is no coverage due to the lack of such a witness. Tyler filed a cross-motion and presented Lakecia Harris, a passenger in the van, as an independent and disinterested witness. [Doc. 12]. However, the parties disagree as to the competency of Harris's testimony and her credibility as a witness. [Rec. Doc. 20]. Consequently, the Court finds there remain "genuine issues of material fact" precluding the issuance of summary judgment.

Accordingly, **IT IS ORDERED** that Granite's Motion for Declaratory and Summary Judgment [Rec. Doc. 10] and Tyler's Cross Motion for Partial Summary Judgment [Rec. Doc. 12] be and are hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Strike Affidavit [Rec. Doc. 15], filed on behalf of Granite, and the Motion to Strike Supplemental Affidavit of Lakecia Harris and Affidavits of Willie Mae Jones, Bridgette Howard and Latashia Elephant [Rec. Doc. 25], filed on behalf of Tyler, be and are hereby **DENIED as moot.**

**IT IS FURTHER ORDERED** that this case be and is hereby referred to the magistrate for a scheduling conference.

**THUS DONE IN SIGNED** in Shreveport, Louisiana this 26th day of August, 2009.

                                         _____
                                         S. MAURICE HICKS, JR.
                                         UNITED STATES DISTRICT JUDGE