UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| GRANITE STATE INS. CO. | CIVIL ACTION NO. 08-1958 |
| | c/w 09-0065 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLARENCE TYLER, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM ORDER

Before this Court is a Motion for Partial Summary Judgment [Record Document 42] filed on behalf Clarence Tyler and Dorothy Tyler. Movants urge the Court to grant their motion for partial summary judgment and declare that the claims asserted by Clarence Tyler and Dorothy Tyler in this litigation are covered by the uninsured/underinsured policy issued by Granite State Insurance Company ("Granite") and that Granite is liable for said claims. Id. Granite opposes this motion. See Record Document 44. For the reasons stated herein, the motion for partial summary judgment is **DENIED**.

### BACKGROUND

On or about December 18, 2006, Clarence Tyler was driving a van owned by the Arc of Desoto with five (5) passengers when he ran off the road to avoid a collision with a white pickup truck ("phantom pickup"). [Record Document 42-3, p.1]. Two of the passengers were killed and Clarence Tyler had to receive medical treatment for "severe pain and injuries." Id. at p.2. At the time of the accident, the Arc of Desoto had in effect an uninsured/underinsured insurance policy for coverage issued by Granite State Insurance Company ("Granite") on the vehicle that Clarence Tyler was driving. Clarence Tyler and Dorothy Tyler (collectively "the Tylers") have filed a complaint against Granite claiming

Granite "is liable for any damages and injuries of plaintiff that are not covered due to the lack of a primary liability policy for the unknown driver of the phantom pickup who caused the accident made subject of this lawsuit." [Record Document 4, ¶ XI].

In cases "where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle," Louisiana Revised Statute 22:1295 requires that the injured party produce "an independent and disinterested witness" to show "that the injury was the result of the actions of the driver of another vehicle whose identity is unknown...." La. R.S. 22:1295(1)(d)(i). In support of their motion for partial summary judgment, the Tylers submitted to the Court the deposition testimony of Clarence Tyler and an affidavit and the deposition testimony of LaKecia Harris, an independent and disinterested witness, wherein both witnesses testify that the accident was caused by the phantom pickup. The Tylers claim this testimony satisfies the requirements under La. R.S. § 22:1295 and, therefore, seek an order declaring their entitlement to recover benefits under the uninsured/under insured policy issued by Granite. In opposition, Granite argues summary judgment is inappropriate because there remain genuine issues concerning the credibility of LaKecia Harris.

## LAW AND ANALYSIS

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  However, Rule 56 "by no means authorizes trial on affidavits." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id.  Because trial courts must act with caution in granting summary judgment, a trial court may simply "deny summary judgment in a case were there is reason to believe that the better course would be to proceed to a full trial." Id.

Although LaKecia Harris appears to be "an independent and disinterested witness" who has testified "that the injury was the result of the actions of the driver of another vehicle whose identity is unknown" as required by La. R.S. § 22:1295 [Record Document 42], Granite has asserted through numerous motions in this Court that LaKecia Harris is not a competent and/or credible witness. See Record Documents 20, 37, 40.  In fact, this Court has already denied prior motions for summary judgment as a result of the parties' disagreement "as to the competency of Harris's testimony and her credibility as a witness." [Record Document 31].  Although the Court denied Granite's motion to strike Ms. Harris's testimony or, alternatively, to have her evaluated by an independent forensic psychiatrist to determine her competency, the Court did acknowledge that Ms. Harris's credibility remains a genuine issue in this matter:

> After a thorough review of the arguments and the evidence submitted by both parties, including Mrs. Harris deposition testimony and the report of Dr. Gary Milford, a psychologist, the Court finds Mrs. Harris is a "person of proper understanding" and appears to have the ability to testify with a

> reasonable degree of clarity regarding the events surrounding the automobile accident. While Mrs. Harris's intelligence may be limited, this matter goes to her credibility, not to her competency.

[Record Document 41 (internal citations omitted)].

After reviewing the motions and the supporting evidence filed therewith, the Court again finds there remains a genuine dispute as to the credibility of LaKecia Harris. Because credibility determinations have no place in summary judgment, this issue must be resolved in favor of the non-movant and the motion for summary judgment must be denied. See Anderson, 477 U.S. at 255, 106 S.Ct. at 2514; Richardson v. Oldham, 12 F.3d 1373, 1379 (5th Cir. 1994).

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment [Record Document 42] filed on behalf Clarence Tyler and Dorothy Tyler be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE