**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GRANITE STATE INS. CO.                    CIVIL ACTION NO. 08-1958
                                                              c/w 09-0065

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

CLARENCE TYLER, ET AL.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before this Court is a Motion for Partial Summary Judgment and/or Declaratory Judgment [Record Document 51] filed on behalf Granite State Insurance Company ("Granite"). Granite moves for partial summary judgment or declaratory judgment declaring that, under the Louisiana Supreme Court's ruling in Bellard v. American Central Ins. Co., 980 So.2d 654 (La. 2008), all amounts paid by the workers' compensation carrier to Clarence Tyler as a result of the December 18, 2006 accident shall be credited against any amount owed by Granite under its uninsured motorist policy. [Record Document 51]. Clarence Tyler and Dorothy Tyler oppose this motion. See Record Document 55.

On or about December 18, 2006, Clarence Tyler was driving a van owned by the Arc of Desoto when he ran off the road to avoid a collision with a white pickup truck. [Record Document 42-3, p.1]. Two passengers were killed and Clarence Tyler had to receive medical treatment for "severe pain and injuries." Id. at p.2. A substantial portion of Clarence Tyler's medical expenses incurred as a result of the accident have been paid by his employer's workers' compensation carrier. [Record Document 51-3, Interrogatory No. 14; Record Document 55].

In Bellard, the Louisiana Supreme Court granted certiorari to resolve the conflict as to "whether an uninsured motorist carrier is entitled to a credit for medical and disability wage benefits paid on behalf of or to an injured worker by a workers' compensation carrier."  980 So.2d at 658.  After reviewing the obligations owed by uninsured motorist carriers and employers and/or their workers' compensation carriers to an injured plaintiff, the state's highest court held that those parties "are solidary obligors, having coextensive obligations to reimburse the plaintiff for lost wages and medical expenses incurred as a result of his injury."  Id. at 667.  Furthermore, the court concluded that the collateral source doctrine does not apply to allow a plaintiff to be compensated twice for medical expenses and, therefore, the uninsured motorist carrier is entitled to a credit in the amount of any payments made by the employer and/or its workers' compensation carrier.  Id. at 670-71. As the court explained:

> . . . [T]his result is necessary in order to comply with the principles of solidary liability.  This result does not relieve [the uninsured motorist carrier] of liability for amounts not paid by the employer and/or its workers' compensation insurer, at least to the extent of [the uninsured motorist carrier]'s policy limits, and it does not grant [the uninsured motorist carrier] a windfall. Rather, this result merely enforces the contractual rights negotiated between [the uninsured motorist carrier] and the employer when the employer purchased uninsured motorist coverage, and, in the process, prevents the plaintiff from receiving a double recovery.

Id. at 671.

In this case, in order to clarify the rights and obligations of the parties and limits the issues to be tried, Granite prays for an order granting partial summary judgment or a declaratory judgment declaring that all amounts paid by the workers' compensation carrier in this matter to Clarence Tyler as a result of the accident be credited against any

obligation of Granite under its uninsured motorist policy.[1]  [Record Document 51].  In response, Clarence Tyler argues any such order is premature because his employer and/or its workers' compensation carrier have asserted their right of subrogation as to any damages recovered by Clarence Tyler in this litigation, and that "said workers' compensation lien is not waived."  [Record Document 55].  Mr. Tyler asserts the instant case is distinguishable from Bellard, a case which the Louisiana Supreme Court specifically noted was "not a case where a right of reimbursement or subrogation exists in favor of the employer and/or its workers' compensation insurer to prevent a double recovery."  Id. at 670.  Rather, the terms of the uninsured motorist policy at issue in Bellard expressly excluded coverage for the "direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law."  Id.; see also, Cutsinger v. Redfern, 12 So.3d 945 (La. 2009) (no right of reimbursement or subrogation existed in favor of the workers' compensation insurer where the terms of the uninsured motorist specifically excluded coverage to the extent it would benefit any workers' compensation carrier).

Although Mr. Tyler seeks to limit Bellard to cases in which there is no right of reimbursement or subrogation based on the terms of the policy, the Court is not convinced that such a limitation was intended by the Louisiana Supreme Court.  Application of the collateral source doctrine in this matter, just as in Bellard, would not achieve the goal of tort

---

[1]Granite intends to offer evidence at trial as to the amounts paid by the workers' compensation carrier.  [Record Document 51].

deterrence[2] and would allow Plaintiff to receive a windfall or double recovery.  Bellard, 980 So.2d at 669-70.  Furthermore, the collateral source rule does not override the principles of solidary liability and "has no application in cases where the plaintiff is injured in the course and scope of his employment at the hands of a third party tortfeasor and the employer is without fault."  Id. at 670.

Accordingly, finding the same rationale underlying the Louisiana Supreme Court's decision in Bellard to be equally applicable in the instant matter,

**IT IS ORDERED** Motion for Partial Summary Judgment and/or Declaratory Judgment [Record Document 51] filed on behalf Granite State Insurance Company be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that any payments by the workers' compensation carrier in this matter to Clarence Tyler as a result of the December 18, 2006 accident, in such amount as may be proved at trial, shall be credited against any obligation of Granite State Insurance Company under its uninsured motorist policy.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Under these circumstances, the tortfeasor will not receive any benefit or reduction in liability as a result of the credit; nor will allowing the credit provide any disincentive for the tortfeasor to conform his conduct to the standards of reasonableness.  See 980 So.2d at 669.