UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GRANITE STATE INS. CO. | CIVIL ACTION NO. 08-1958 |
| | c/w 09-0065 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLARENCE TYLER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before this Court is a Motion for Summary Judgment Dismissing Dorothy Tyler's Consortium Claim [Record Document 52] filed on behalf Granite State Insurance Company ("Granite"). Granite moves for dismissal of the loss of consortium claims filed by Dorothy Tyler on the grounds that these claims were not filed within the two-year prescriptive statute provided by Louisiana law.[1] Clarence Tyler and Dorothy Tyler oppose this motion. See Record Document 56.

On or about December 18, 2006, Clarence Tyler was driving a van owned by the Arc of Desoto with five (5) passengers when he ran off the road to avoid a collision with a white pickup truck. [Record Document 42-3, p.1]. Two of the passengers were killed and Clarence Tyler had to receive medical treatment for "severe pain and injuries." Id. at p.2. On December 18, 2006, Clarence Tyler filed a petition for damages in the 11th Judicial District Court, Desoto Parish, State of Louisiana, seeking to recover for the following damages:

---

[1] Pursuant to La. R.S. § 9:5629, "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed two years reckoning from the date of the accident in which the damage was sustained."

    A.    Physical pain, suffering and injury;
    B.    Mental anguish and emotional distress;
    C.    Past, present, and future medical expenses;
    D.    Loss of enjoyment of life;
    E.    Past, present, and future loss of income/loss of earning capacity &
    F.    *Loss of Consortium for Dorothy Tyler.*

[Record Document 56-2 (emphasis added)].

Granite argues the state court petition, albeit timely, was filed solely on behalf of Clarence Tyler and that Dorothy Tyler was not named as a plaintiff in this lawsuit until March 16, 2009, three months after the prescription period had expired. [Record Documents 52 and 58]. However, Rule 15(c) of the Federal Rules of Civil Procedure allows a party to amend a pleading despite an applicable prescription period so long as "the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims." Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). The rationale underlying Rule 15(c) is that, "once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings." Id. (citing 6A Charles A. Wright, et al., Federal Practice & Procedure § 1496 (1990). Rule 15(c) provides, in pertinent part, that an amendment to a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, there is no question that Granite was aware that Clarence Tyler had a wife who might be seeking damages for loss of consortium from the date of the original petition, and no legitimate argument can be made that any prejudice will result.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment Dismissing Dorothy Tyler's Consortium Claim [Record Document 52] filed on behalf of Granite State Insurance Company be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE