UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GRANITE STATE INS. CO. | CIVIL ACTION NO. 08-1958 |
| | c/w 09-0065 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLARENCE TYLER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before this Court is a Motion for Realignment of the Parties [Record Document 61] filed on behalf Granite State Insurance Company ("Granite"). Granite respectfully requests that the Court realign the parties and that Clarence Tyler and Dorothy Tyler be designated as plaintiffs and Granite be designated as defendant for all purposes in these consolidated actions. Clarence Tyler and Dorothy Tyler oppose this motion. See Record Document 63.

On or about December 18, 2006, Clarence Tyler was driving a van owned by the Arc of Desoto when he ran off the road to avoid a collision with a white pickup truck. Two passengers were killed and Clarence Tyler had to receive medical treatment for "severe pain and injuries." Granite initiated the instant litigation on December 16, 2008 by filing a complaint for declaratory judgment seeking an Order from this Court declaring what claims of Clarence Tyler, if any, are covered under the uninsured motorist policy at issue. See Record Document 1. Approximately two days later, Clarence Tyler filed a petition for damages in the 11th Judicial District Court, Desoto Parish, State of Louisiana, seeking to recover for the injuries he allegedly sustained as a result of the accident. [Record Document 56-2]. Granite removed Tyler's lawsuit to this Court and requested the Tyler lawsuit be consolidated with the previous-filed suit as both actions "involve the same

alleged claim for damages under an uninsured motorist policy regarding an accident that occurred on 12/18/06 on Louisiana Highway 5 in DeSoto Parish," and both actions "involve common issues of fact and law, and the same parties." [Civil Action No. 09-65, Record Document 14]. The Court ordered the two actions be consolidated and that Civil Action No. 08-1958 be "designated as the lead case" and that all parties "comply with Local Rule 10.2W regarding the case caption."[1] [Civil Action No. 09-65, Record Document 16].

Granite acknowledges that its lawsuit was filed first and that it has thus far been designated as "plaintiff" in this matter. Nevertheless, Granite argues Clarence Tyler, as claimant under the uninsured motorist policy, will have the burden of proof at trial and should be designated as the actual plaintiff in this matter. [Record Document 61]. The Court agrees.[2] Under Louisiana law, the burden is on the "injured party" to establish every fact in issue which is essential to his right of recovery, including existence of the policy sued upon, its terms and provisions, and that his claim falls within that coverage. See La. R.S. § 22:1295(1)(f); Tunstall v. Steirwald, 809 So.2d 916, 921 (La. 2002); Marshall v. Seago, 935 So.2d 752, 756 (La.App. 2 Cir. 2006); Boyd v. White, 123 So.2d 835, 839-40 (La.App. 2 Cir. 1960).

---

[1] Local Rule 10.2 simply provides, in pertinent part, that "where cases are consolidated, whether for trial only or otherwise, the caption of all papers filed after consolidation shall list first the name and docket number of the lowest numbered case in the group, with words indicative of the consolidation."

[2] Proper alignment of parties lies within the discretion of the trial court. See State Farm Fire & Cas. Co. v. Woods, 129 F.3d 607 (5th Cir. 1997); Lloyd Pendleton Land & Exploration, Inc., 22 F.3d 623, 625 (5th Cir. 1994) (citing Moreau v. Oppenheim, 663 F.2d 1300 (5th Cir. 1981), cert. denied, 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982)).

Clarence Tyler and Dorothy Tyler argue that, when an insurer seeks to limit or relieve its liability under a policy in existence, the *insurer* bears the burden of proving the policy limits and/or exclusions. See Tunstall, 809 So.2d at 921; Marshall, 935 So.2d at 756; Boyd, 123 So.2d at 839-40. In this matter, however, Granite has not alleged that its policy does not afford coverage for the December 18, 2006 accident. Rather, Granite's complaint for declaratory judgment merely seeks an order "declaring what claims of Tyler, if any, are covered under the policy" at issue. [Record Document 1]. Granite has argued that it is entitled to a credit for any payments previously made to plaintiff related to the accident and has specifically pled the defenses of comparative negligence, failure to mitigate damages, and third party fault [Civil Action No. 09-65, Record Document 4], but at no time in this litigation has Granite argued that its liability should be limited based on the express limits and/or exclusions of the policy.

Therefore, considering the burdens of proof of the respective parties at trial, and in an effort to try this matter in a reasonable, efficient manner that will not be confusing to the trier of fact,

**IT IS ORDERED** that the Motion for Realignment of the Parties [Record Document 61] be and is hereby **GRANTED**, and that Clarence Tyler and Dorothy Tyler be designated as Plaintiffs and Granite State Insurance Company be designated as Defendant for all purposes in these consolidated actions.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE