**MINUTES [02:00]**
**September 30, 2010**

**JUDGE ELIZABETH ERNY FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY | CIVIL ACTION NO. 08-cv-1958 c/w 09-cv-0065 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CLARENCE TYLER, ET AL. | MAGISTRATE JUDGE HORNSBY |

The Court held a pretrial conference on September 30, 2010, in the above-captioned matter. Murphy White and Adrienne White appeared on behalf of the Plaintiffs. Brian Smith and Michael Nash appeared on behalf of the Defendant. Nikki Cox is the law clerk assigned to this matter and any further questions relating to this trial should be directed to her.

Jury trial in this matter is set for **Monday, November 1, 2010** at **9:00 a.m.** and is expected to last approximately three (3) days. This matter is first on the Court's docket.

The Court instructed the parties to contact Jim Gardner and continue the settlement discussions from their previous mediation. In accordance with Local Rule 16.4, counsel shall inform the Court <u>immediately</u> if settlement is reached.

As an initial matter, the Court advised the parties that it had reviewed the memoranda submitted on the issue of whether, in the event a verdict is returned in

favor of Plaintiffs, Defendant is entitled to a credit for the amount of <u>future</u> lost earnings and/or workers' compensation payments.  See Record Documents 102, 103. The Court **denied** Defendant's request for such credit, as the amount and duration of future workers' compensation benefits is an issue beyond the scope of this litigation.

The Court adopted the pretrial order as filed, subject to the following notation(s):

- Counsel clarified that Paragraphs 12, 13, 14, 17, 18 and 19 of the stipulations should read that the parties stipulate to the "admissibility" of the listed exhibits, not merely their "authenticity."

The Court also orally ruled on the parties' objections to exhibits and instructed counsel as follows:

- In accordance with the Court's previous ruling on Defendant's Motion in Limine [Record Document 74], a ruling on Defendant's objection to the admissibility of Dr. Denis Kamberov's expert report, and the extent to which he relied on any "tests" performed by his nurse, will be **deferred to trial**.  See Record Document 96.

- The Court instructed the parties to stipulate as to the total amount of monthly wages earned by Mr. Clarence Tyler at the time of the accident (rather than introducing the pay stubs for the months of October 2006 and November 2006).

- The Court instructed the parties to stipulate as to the type of entity and the business purpose for the "Arc of Desoto" and to include such information in the joint preliminary statement to be read to the jury.

- The Court advised the parties that it will accept their stipulation as to the admissibility of the workers' compensation documentation (as listed under Stipulation #17).  However, this evidence, particularly as it relates to the amounts paid by the workers' compensation carrier, as well as any evidence concerning the policy limits under the uninsured motorist policy

at issue, is only to be considered by the Court and is <u>not to be presented to the jury</u>.

- The Court instructed the parties to prepare a joint summary exhibit of Mr. Tyler's medical expenses for each provider.

- The Court again encouraged the parties to stipulate as to (1) the total amount of medical expenses incurred by Mr. Tyler and (2) the amount of medical expenses paid by the workers' compensation carrier. Ms. White was instructed to verify whether the amount of $4,262.00 for medical expenses at LSU-HSC has been paid by workers' compensation or is part of Mr. Tyler's outstanding medical bills.

- The Court denied Mr. Smith's oral request to depose Plaintiffs' witness, Alyson Cranston, regarding the analysis by the workers' compensation adjuster as to Mr. Tyler's future medical payments. If the parties are unable to reach a stipulation as to the amount of future medical payments to be incurred, Defendant's concerns can be properly addressed through cross-examination.

Counsel for each side will be allowed ten (10) minutes voir dire. In accordance with 28 U.S.C. § 1870, each side shall receive three peremptory strikes, which shall be written and exercised simultaneously after all the Court has ruled on all challenges for cause.

Counsel will be allowed fifteen (15) minutes for opening statements and twenty (20) minutes for closing arguments.

**DEADLINES:**

Counsel shall submit to Chambers electronic courtesy copies of all submissions.  The submission shall be formatted in Word or WordPerfect Format and e-mailed to: **foote_motions@lawd.uscourts.gov**.  Exhibits do not need to be e-mailed.

**Friday, October 22, 2010**

1. **Stipulations** shall be filed.

2. Proposed **joint jury instructions** shall be filed. If the parties are unable to agree as to any specific jury instruction, a separate proposal, supported by *pinpoint citations*, should be submitted for each contested instruction. Proposed joint jury instructions should be submitted in one document and in the order to be read to the jury.

3. Proposed **joint jury interrogatories** shall be filed.  If the parties are unable to agree as to any specific interrogatory, a separate proposal, supported by *pinpoint citations*, should be submitted for each contested interrogatory.

4. A **joint preliminary statement** to be read to the jury shall be filed.

5. **Plaintiff** shall file its **final will call** list.

    *Any party listing a person on his "will call" list shall bear the responsibility of producing that witness at trial.  Should any party fail to call a witness on his "will call" list, any other party may call that witness, though not included as his witness in the Pretrial Order.  "May call" witnesses not timely converted shall be dropped from the witness list and will not be permitted to testify, absent good cause, except for impeachment purposes.

6. Submit a glossary of all names and unusual terms to the court reporter, **Barbara Simpson**.  The submission shall be formatted in WordPerfect or Word Format and e-mailed to: **basimpson1203@msn.com**.  Real-time is also available by arrangement with Mrs. Simpson, who may be contacted at 226-8003.

**Monday, October 25, 2010**

7. Counsel shall exchange trial exhibits (if not already).

8. **Exhibits on CD-ROM** must be submitted to **Barry Joffrion**, Courtroom Deputy.

**Wednesday, October 27, 2010**

9. **Defendant** shall file its **final will call** list.  See paragraph 5 for will call requirements.

10. **Objections** to the use of an **exhibit** shall be filed.  Objections should include the contested exhibit, as well as the Federal Rule of Evidence and a *pinpoint citation* on which the objection is founded.

11. Counsel shall submit one paper copy of trial exhibits to Chambers and one paper copy of trial exhibits to the courtroom deputy, Barry Joffrion.  Paper copies shall be submitted in a three-ring binder, with each exhibit separated by a numbered tab, and should be submitted even if the exhibits have previously been submitted are on CD.

12. Counsel shall exchange **demonstrative aids** and/or PowerPoint presentations to be used at trial (if any).  If an aid is impractical to exchange, counsel shall exchange a description of the aid and why the aid itself may not be exchanged.

**Standing Trial Orders:**

A. Jury questionnaires will be available at the front counter of the Clerk's office on the Friday afternoon before trial.  Counsel are advised of the privileged nature of that information and that it shall not be copied or shared with anyone.  Jury questionnaires MUST be returned to Barry Joffrion after jury selection.

B. Counsel will exchange the order of witnesses each morning before trial begins.  A copy of the witness order shall be provided to the law clerk at the same time.

C. Counsel are to be prepared to use the equipment in the courtroom for

        evidence presentation. Counsel may contact Barry Joffrion at 676-4280 to make arrangements for instruction on the operation of the equipment.

**D.**     Counsel shall familiarize themselves with the local rules for this district.

**E.**     Counsel should arrive in the courtroom **30 minutes** prior to trial, on each day of trial.

Shreveport, Louisiana, this 30th day of September, 2010.

*[signature]*